**FILED**

**July 19, 2016**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 8:19 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Jerry Humphreys,<br>       Employee,<br>v.<br>Prestigious Placement, Inc.,<br>       Uninsured Employer. | )<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2016-08-0085<br><br>State File No.: 5493-2016<br><br>Judge Jim Umsted |

## EXPEDITED HEARING ORDER
## FOR MEDICAL AND TEMPORARY DISABILITY BENEFITS

This case came before the undersigned Workers' Compensation Judge on July 13, 2016, upon the Request for Expedited Hearing filed by the employee, Jerry Humphreys, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether the employer, Prestigious Placement, Inc., must provide medical and temporary disability benefits for Mr. Humphreys' alleged work-related neck and back injuries. For the reasons set forth below, the Court holds Mr. Humphreys is entitled to continued medical treatment and ongoing temporary disability benefits from January 16, 2016, forward.[1]

### History of Claim

Mr. Humphreys is a fifty-year-old resident of Shelby County, Tennessee. He began working for Prestigious Placement as a temporary employee in February 2015. Prestigious assigned Mr. Humphreys to work at Americraft Cartons, Inc. where he most recently served as a helper.

Mr. Humphreys claimed he injured his neck and back at work on June 18, 2015, while positioning a 6,000-pound roll of paper for cutting. He physically moved the paper as the battery-operated pusher was not functioning. He immediately reported his injury to his Americraft supervisor, Henry Harth, who drafted a short statement about the alleged accident and instructed Mr. Humphreys to contact Prestigious the next day. Mr. Humphreys followed Mr. Harth's instruction and called Prestigious' Vice President,

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

Mariah De'Shazer, the next day to report his injury. Ms. De'Shazer sent Mr. Humphreys to Occumed for treatment.

Mr. Humphreys initially presented to Dr. Marlah Mardis at Occumed on June 19, 2015. Dr. Mardis assessed a lumbar and cervical sprain with hand parenthesis, ordered an MRI, and assigned sedentary work restrictions. Dr. Mardis ultimately referred Mr. Humphreys to Dr. Sam Murrell at OrthoMemphis. Dr. Murrell ordered additional MRIs and diagnosed Mr. Humphreys with cervical myelopathy. He recommended surgery for Mr. Humphreys' cervical spine and continued his sedentary restrictions. In a chart note dated January 30, 2016, Mr. Murrell stated, "Given his mechanism of injury, I think it is that the myelopathy which he now has is very likely the result of his injury on 6/18/15 when he describes a hyperextension injury to his neck and body."

At the Expedited Hearing, the parties agreed Mr. Humphreys' average weekly wage was $472.75, which resulted in a compensation rate of $315.17. They also agreed that Prestigious paid all past medical treatment as well as temporary disability benefits through January 15, 2016.

Mr. Humphreys testified Americraft did not train him on the proper way to handle rolls of paper. According to Mr. Humphreys, he just imitated what he saw other helpers doing. He stated the helpers had access to a battery-operated roller to help move the rolls of paper toward the machine, but it ran out of battery power after moving two rolls, requiring the helpers to move the rolls by hand. Mr. Humphreys advised there was an air roller on site, but it was inoperable. He further remarked that Americraft management knew employees had to move the rolls by hand and never mentioned this action violated company policy. While Prestigious raised the defense of willful misconduct in its argument, it did not introduce any evidence to support its defense.

Mr. Humphreys testified he reported to Americraft on or about July 29, 2015, to work in a sedentary capacity per his doctor's restrictions. However, when he arrived, Mr. Harth advised Americraft had no sedentary work to offer him and told him to call Ms. De'Shazer at Prestigious. Ms. De'Shazer testified the sedentary work offered to Mr. Humphreys at Americraft involved counting orders in the office. However, according to Ms. De'Shazer, her contact at Americraft, Alvin Moss, told her Mr. Humphreys reported for light duty work but indicated he could not work and started shaking and sweating profusely. Ms. De'Shazer stated she ultimately terminated Mr. Humphreys' temporary disability and medical benefits on January 15, 2016, based on his refusal of the light duty work offer and statements from family members suggesting the claim was fabricated.

Based on Ms. De'Shazer's testimony, Prestigious had no idea Americraft had Mr. Humphreys working in the paper department, moving paper rolls. Prestigious understood that Mr. Humphreys performed light industrial work that involved pulling pieces of cardboard out of packages of paper.

2

## Findings of Fact and Conclusions of Law

### General Legal Principles

At an Expedited Hearing, Mr. Humphreys need not prove every element of his claim by a preponderance of the evidence in order to recover temporary disability and/or medical benefits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard does not relieve Mr. Humphreys of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether he met his burden, the Court will not remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Humphreys nor Prestigious. *See* Tenn. Code Ann. § 50-6-116 (2015).

### Compensability and Medical Benefits

The Court finds Mr. Humphreys injured himself at work on June 18, 2015, while manually pushing a roll of paper weighing approximately 6,000 pounds. The Court also finds Mr. Humphreys' supervisors generally accepted this method of moving paper rolls, and such method was not in violation of any enforced safety rules. Prestigious presented no evidence to show Mr. Humphreys violated safety rules. Prestigious denied the claim because it received information suggesting the claim was fabricated. However, Prestigious presented no live testimony or affidavits supporting this contention.

Pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015), "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Prestigious initially approved treatment with Dr. Murrell, and the Court finds Dr. Murrell is the authorized treating physician. Dr. Murrell opined, "Given his mechanism of injury, I think it is that the myelopathy which he now has is very likely the result of his injury on 6/18/15 when he describes a hyperextension injury to his neck and body." Prestigious presented no medical evidence contradicting Dr. Murrell's opinion.

Based upon the evidence and these legal principles, the Court finds Mr. Humphreys presented sufficient evidence from which this Court determines he is likely to

3

prevail at a hearing on the merits. Accordingly, the Court determines Mr. Humphreys is entitled to continuing medical treatment with Dr. Murrell for his work injuries.

*Temporary Partial Disability Benefits*

Mr. Humphreys is eligible for temporary disability benefits if: (1) he became disabled from working due to a compensable injury; (2) there is a causal connection between his injury and his inability to work; and (3) he established the duration of the period of disability. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). Temporary disability benefits are terminated either by the ability to return to work or by attainment of maximum recovery. *Id.*

The parties agreed that temporary disability benefits were paid through January 15, 2016. The parties also agreed Mr. Humphreys' weekly compensation rate is $315.17. Dr. Murrell has not removed the sedentary work restrictions previously imposed. While Prestigious claimed Mr. Humphreys refused an offer of light duty work, it failed to present live testimony or affidavits showing Americraft offered light duty work. Therefore, the Court accepts Mr. Humphreys' testimony that Americraft offered no light duty work. Based on the uncontroverted testimony of Mr. Humphreys, he has not worked since the date of injury. Therefore, the Court determines Mr. Humphreys is entitled to past temporary partial disability (TPD) benefits from January 16, 2016, until July 16, 2016 (twenty-six weeks). Mr. Humphreys received no earnings during that period, and accordingly, he is entitled to sixty-six and two-thirds percent of his average weekly wage for this period, for a total amount of $8,194.42. Mr. Humphreys is also entitled to continuing TPD benefits at the rate of $315.17 per week until he returns to work or reaches maximum medical improvement.

*Attorney's Fee*

Pursuant to Tennessee Code Annotated section 50-6-226(a)(1) (2015), an attorney's fee shall be deemed reasonable if it does not exceed twenty percent of the employee's award. The Court finds a fee of twenty percent of the temporary disability award is reasonable. Accordingly, this Court awards Mr. Humphreys' attorney an attorney's fee of twenty percent of the TPD benefits awarded, to be paid from Mr. Humphreys' award.

**IT IS, THEREFORE, ORDERED** as follows:

1. Prestigious shall provide Mr. Humphreys reasonable, necessary medical treatment as recommended by his authorized treating physician, Dr. Murrell, and as required by Tennessee Code Annotated section 50-6-204 (2015).

2. Prestigious shall provide Mr. Humphreys past temporary disability benefits from

4

January 16, 2016, to July 16, 2016, (twenty-six weeks) in the weekly amount of $315.17, which shall be paid in a lump sum of $8,194.42. Prestigious shall continue TPD payments to Mr. Humphreys until he is either placed at maximum medical improvement or able to work at a job enabling him to earn a wage equal to or better than he earned at the time of injury.

3. Mr. Humphreys' attorney is awarded an attorney's fee of twenty percent of $8,194.42, or $1,638.88, to be paid from Mr. Humphreys' award.

4. This matter is set for a Status Hearing on September 19, 2016, at 10:00 a.m. Central time.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED this the 19th day of July, 2016.**

_____
**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Status Conference:

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

5

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Mr. Humphreys' Affidavit;
2. Form C-20 Employer's First Report of Work Injury or Illness;
3. Form C-41 Wage Statement;
4. Occumed medical records for dates of service June 19, 2015, and July 8, 2015;
5. MRI report of lumbar spine, dated July 7, 2015;
6. OrthoMemphis medical records for dates of service July 22, 2015; August 3, 2015; September 9, 2015; September 16, 2015; and January 30, 2016;
7. MRI report of cervical spine, dated August 7, 2015;
8. MRI of thoracic spine, dated August 7, 2015;
9. Affidavit of Prestigious;
10. Photograph of air roller;
11. Photograph of machine used to cut the paper;
12. Photograph of location of alleged injury;
13. Photograph of rolls of paper waiting to be cut;
14. Photograph of tag found on each roll of paper, which describes size and weight of roll;
15. Photograph of hallway where rolls of paper sat before they were loaded into the machine to be cut;
16. Henry Harth's statement regarding Mr. Humphreys' alleged accident; and
17. Prestigious' Accident Report.

Technical Record:[2]
1. Petition for Benefit Determination;
2. Dispute Certification Notice; and
3. Request for Expedited Hearing.

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 19th day of July, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|------|----------------|---------|-----------|---------------|
| Louis P. Chiozza, Employee's Attorney | | | X | lou@chiozzalaw.com chris@chiozzalaw.com |
| Kathy K. Johnson, Employer's Attorney | | | X | kjohnsonattorney@gmail.com |

Penny Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9